```
           IN THE UNITED STATES DISTRICT COURT
          FOR THE NORTHERN DISTRICT OF ALABAMA
                    SOUTHERN DIVISION

EMMETT JEFFERY MOMAN,           }
                                }
     Plaintiff,                 }
                                }     CIVIL ACTION NO.
v.                              }     09-AR-0562-S
                                }
ALLIANZ LIFE INSURANCE COMPANY  }
OF NORTH AMERICA, et al.,       }
                                }
     Defendants.                }
```

## OPINION

The court has before it the motion of plaintiff, Emmett Jeffery Moman ("Moman"), to remand the above-referenced action to the Circuit Court of Jefferson County, Alabama, from which it was removed by defendants, Allianz Life Insurance Company of North America ("Allianz") and Donald Bradley Thomason ("Thomason") (collectively "defendants"), based upon their claim of the complete diversity necessary for removal under 28 U.S.C. §§ 1332, 1441. This motion was orally argued at the court's April 17, 2009, motion docket.

### PERTINENT FACTS

In August of 2004, Moman, a resident of the State of Alabama, contacted Thomason, also a resident of the State of Alabama and an alleged agent of Allianz, regarding matters of financial planning. After consulting with Thomason, Moman purchased an investment product belonging to Allianz, a foreign corporation duly authorized to do business in the State of Alabama and doing business by agent

in Jefferson County, Alabama. Moman alleges that Thomason represented to him that the Allianz investment would produce an up-front twelve percent bonus. It is alleged that Thomason further represented to Moman that he could withdraw his investment, without forfeiting the bonus, without penalty after five years. As a result, Moman signed an application for an Allianz BonusDex Elite Annuity on September 2, 2004, and authorized the rollover of $76,000 into the annuity. Moman alleges that, in September of 2007, he found that things were not as they had been represented.

On February 16, 2009, Moman filed his complaint in the Circuit Court of Jefferson County, Alabama, against Allianz, Thomason, The Jefferson Group, LLC, and numerous fictitious parties. Subsequently, Moman dismissed The Jefferson Group, LLC, without prejudice. Count One of Moman's complaint alleges that defendants fraudulently misrepresented material facts so as to induce Moman into purchasing a BonusDex Elite Annuity. Count Two alleges that defendants fraudulently suppressed material facts regarding that annuity. Count Three alleges that Allianz negligently and/or wantonly failed to properly train, monitor, and supervise Thomason.

On March 20, 2009, Allianz removed this action alleging diversity of citizenship and amount in controversy, contending that Thomason, a non-diverse defendant, was fraudulently joined and, as such, should be ignored for purposes of ascertaining whether diversity exists. Allianz claims that both claims against Thomason, embodied in Counts One and Two, are barred by the two-year statute

of limitations for fraud-related claims. On March 25, 2009, Thomason filed a motion to dismiss based on identical contentions. On April 10, 2009, Moman filed a motion to remand.

It should be noted that Thomason's motion to dismiss is redundant and is inconsistent with Allianz's notice of removal, which calls for the ignoring of Thomason. Thomason cannot legitimately ask the court for a ruling on his motion. A motion to dismiss by a non-diverse defendant is implicit in a removal by a diverse defendant based on fraudulent joinder. Here, Thomason has compounded the anomaly by pleading affirmative facts in his motion to dismiss an action that Allianz argues had no viability in the first place as against Thomason. Thomason must rely on Allianz's notice of removal.

## ANALYSIS

Allianz has failed to meet its burden of making a clear and convincing showing of fraudulent joinder. *See Henderson v. Washington Nat'l Ins. Co.,* 454 F.3d 1278, 1281 (11th Cir. 2006). The Eleventh Circuit has provided three scenarios in which the fraudulent joinder of a defendant can exist. *See Triggs v. John Crump Toyota*, 154 F.3d 1284, 1287 (11th Cir. 1998). Only one scenario is at issue here, namely, one in which there is no possibility that the plaintiff can establish a cause of action against the resident defendant. In deciding whether there is any viability to the claim against Thomason, the court must evaluate Moman's allegations in the light most favorable to him and must

resolve any ambiguities about state substantive law in his favor. *See Crowe v. Coleman,* 113 F.3d 1536, 1538 (11th Cir. 2007). Doing so, this court cannot say with certainty that Moman has *no possibility* of pursuing his claim against Thomason.

Defendants contend that Thomason has been fraudulently joined because both of the claims against him are barred by the two-year statute of limitations for fraud-related claims. If this were true **on the face of the complaint**, it would be proper for the court to dismiss the action as against Thomason and to retain the case on diversity grounds. *See Bullock v. United Benefit Ins. Co.*, 165 F. Supp. 2d 1255, 1258 (M.D. Ala. 2001)("If the only claims against a resident defendant are barred by the statute of limitations, then there 'is no possibility the plaintiff can establish a cause of action against the resident defendant.' In such a situation, the resident defendant is deemed to be fraudulently joined."). However, the face of this complaint does not allow this court to say with certainty that Moman is barred by the statute of limitations for fraud claims. The complaint states, "On September 2, 2004, Plaintiff signed an application for the annuity and authorized the rollover of $76,000 into the annuity. In September 2007, Plaintiff **discovered** that he could not withdraw all of his investment, along with the bonus, without penalty after five years." Compl. ¶¶ 4,5 (emphasis added). Moman commenced suit on February 16, 2009.

In fraud cases, "the cause of action does not accrue until 'the discovery by the aggrieved party of the fact constituting the

fraud.'" *Henderson*, 454 F.3d at 1282 (citing Ala. Code § 6-2-3). Moman alleges this discovery occurred in September of 2007. "Ordinarily, where the viability of a plaintiff's claim against a non-diverse defendant depends on whether section 6-2-3's savings clause applies, the case should be remanded summarily; such a question is emphatically a matter for the state courts to decide." *Id.* Based upon the other facts alleged in the complaint, there is some possibility that Moman could pursue his claims against Thomason; thus, this court cannot hold **as a matter of law** that Moman's complaint could not succeed against Thomason. Defendants do not assert an insufficiency in Moman's pleadings as to this point, rather, they seek to provide the insufficiency via extraneous documents. The court will not allow defendants to convert this Federal Rule of Civil Procedure 12(b)(6) inquiry into a Rule 56 motion. Accordingly, the court must remand the matter to state court, as Thomason, a properly joined party, does not allow for complete diversity of citizenship. *See id.* at 1281 ("Such a remand is the necessary corollary of a federal district court's diversity jurisdiction, which requires complete diversity of citizenship.").

By what this court has said, the court does not mean to give the state court advice on issues that are within its prerogative and that are certainly not the business of this court. Under these procedural circumstances, this court is simply required to acknowledge the core principle of federalism that mandates the

exclusive jurisdiction of the state court where the defendants have failed to meet their burden of showing fraudulent joinder.

## CONCLUSION

Because complete diversity does not exist, the court lacks subject matter jurisdiction. For that reason, the court will, by separate order, grant Moman's motion to remand and will not rule on Thomason's motion to dismiss, leaving that motion for the state court where it belongs.

DONE this 20th day of April, 2009.

_____
WILLIAM M. ACKER, JR.
UNITED STATES DISTRICT JUDGE